IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:24-MC-00110-KDB-SCR

| | |
|---|---|
| BRANDACE HOPPER,<br><br>Petitioner,<br><br>v.<br><br>CARMAX AUTO SUPERSTORES, INC.,<br><br>Respondent. | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate Arbitration Award (Doc. No. 1). The Court has carefully considered this motion and the parties' briefs. For the reasons discussed below, the Court will **DISMISS** the motion for lack of subject matter jurisdiction.

## I. LEGAL STANDARD

Because it defines a court's power to adjudicate cases and controversies, whether a court has subject matter jurisdiction is a "threshold matter" that a court must consider prior to reaching the merits of a dispute. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, (1998); *Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 548 (4th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). No other matter can be decided without subject matter jurisdiction. *See United States v. Cotton*, 535 U.S. 625, 630, (2002); *U.S. v. Wilson*, 699 F.3d 789, 793 (4th Cir. 2012).

1

The two primary sources of subject matter jurisdiction are diversity jurisdiction and federal question jurisdiction. Diversity jurisdiction generally permits individuals to bring claims in federal court where the claim exceeds $75,000.00 and the parties are citizens of different states. *See* 28 U.S.C. § 1332. Federal question jurisdiction permits an individual - regardless of the value of the claim - to bring a claim in federal court if it arises under federal law, including the U.S. Constitution. *See* 28 U.S.C. § 1331. Federal question jurisdiction requires that "the federal question appears on the face of a well-pleaded complaint." *Am. Nat'l Red Cross v. S.G.*, 505 U.S. 247, 258 (1992).

Subject matter jurisdiction cannot be conferred by the parties, nor can a defect in subject matter jurisdiction be waived or forfeited by the parties. *See United States v. Cotton*, 535 U.S. at 630; *U.S. v. Wilson*, 699 F.3d at 793. Accordingly, questions of subject matter jurisdiction may be raised at any point during the proceedings or sua sponte by the court when it appears that the court may lack jurisdiction. *See Wilson*, 699 F.3d at 793; *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004). A court must dismiss an action pursuant to Federal Rule of Civil Procedure 12(h)(3) "if the court determines at any time that it lacks subject matter jurisdiction." See Fed. R. Civ. P. 12(h)(3). The Petitioner bears the burden of proving subject matter jurisdiction. *Richmond, F. & P.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) and there is no presumption that a federal court has subject matter jurisdiction. *See Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999).

## II.     FACTS AND PROCEDURAL HISTORY

In April 2023, Petitioner Brandace Hopper bought a used 2019 Infinity QX60 from Respondent CarMax with a down payment of $100.00. Doc. No. 1-1 at 25. Petitioner signed a Retail Installment Contract, in which he agreed to make monthly payments on the vehicle

beginning June 14, 2023. *Id*. at 27-30. On June 13, 2023, he notified Respondent that he would not be making payments on the vehicle but did not return it. Doc. No. 15 at 2.

After multiple delinquency notices and a Notice of Default, which was sent on July 16, 2023, Respondent repossessed the vehicle in accordance with the terms of the Retail Installment Contract. *Id. See also* Doc. No 1-1 at 25. On November 8, 2023, Petitioner attempted to pay the loan with a "lawful Bill of Exchange/Negotiable Instrument Valued at a Sum of $85,000," which was refused by Respondent in a letter dated December 1, 2023. Doc. No. 4 at 1. Petitioner then filed a Demand for Arbitration seeking $249,793.88. Doc. No. 15 at 2. The parties proceeded to arbitration, where the arbitrator awarded Respondent $38,007.05 for breach of contract; found that the vehicle was properly repossessed under the Retail Installment Contract; and authorized Respondent to sell the vehicle and apply the proceeds toward Petitioner's obligation under the award. Doc. No. 1-1 at 25. Petitioner subsequently filed the present action, along with numerous other motions.

## III. DISCUSSION

In his motion to vacate the arbitration award described above, Petitioner makes various allegations of misconduct on the part of the arbitrator, including bias and failure to be impartial due to being a member of the same state bar association as Respondent's counsel; exceeding his power by "failing to consider the 'Executor office' as the highest office, and equitable principles"; misconduct due to "blind[ness] to the administration of the Estate, maxims of equity, principles, and doctrines," and lack of proper training and understanding of "estates, equitable claims, and defenses"; allowing improper testimony because the witness testimony was "hearsay"; and because Petitioner alleges he is a victim of "a severe form of trafficking in persons known as involuntary servitude and peonage," and his testimony to this was "ignored." Doc. No. 1 at 2-3.

3

Before reaching the substance of the allegations, the Court must evaluate whether it has jurisdiction under which it can adjudicate these claims. The Court plainly lacks diversity jurisdiction in this matter because the value of the arbitration award in favor of Respondent is $38,007.05, the amount of the unpaid car loan. Doc. No. 1-1 at 25. Petitioner, in requesting the arbitration award be vacated, has alleged no further monetary damages, thus the amount in controversy does not exceed $75,000.00. *See* Doc. No. 1. In addition, the arbitration award authorizes Respondent to sell the car it lawfully repossessed and apply the proceeds against the amount owed by Petitioner, thus lowering the amount in controversy below the $38,007.05 award. Doc. No 1-1 at 25.

Further, Petitioner concedes to a lack of diversity jurisdiction by stating, "CarMax asserts that this Court lacks subject matter jurisdiction under 9 U.S.C. § 10 because the amount in controversy does not meet the $75,000[.00] threshold required for diversity jurisdiction. However, CarMax overlooks the fact that my claims involve federal questions . . . ." Doc. No. 20 at 2. Implicit in this statement is Petitioner's concession that the amount in controversy is less than $75,000.00. As such, there is no basis for diversity jurisdiction.

The Court next considers whether Petitioner invokes federal law as a basis for federal question jurisdiction. As previously stated, Petitioner brings his claim under 9 U.S.C. § 10 of the Federal Arbitration Act ("FAA"). The Supreme Court has held that a federal court has jurisdiction to hear a motion to vacate or to confirm an arbitration award brought pursuant to Sections 9 or 10 of the FAA only if, on the face of the application itself, Petitioner "alleges that federal law (beyond Section 9 or 10 itself) entitles the applicant to relief . . . ." *Badgerow v. Walters*, 596 U.S. 1, 9 (2022); *see also SmartSky Networks, LLC v. DAG Wireless, Ltd.*, 93 F.4th 175, 182 (4th Cir. 2024) (noting that while "Sections . . . 9-11 authorize certain actions that may be brought in federal court,

4

they do not themselves support federal jurisdiction. Therefore, an applicant seeking to vacate an arbitral award under Sections 9 or 10 must identify a grant of jurisdiction apart from Section . . . 10 itself, conferring 'access to a federal forum.'") (citation omitted).

Further, under *Badgerow*, the Court is instructed to look to the face of the application itself for an independent jurisdictional basis, as opposed to looking at underlying substantive claims, which is foreclosed in this setting. 596 U.S. at 9. Here, on the face of the application, Petitioner makes various allegations of misconduct on the part of the arbitrator, as noted previously. His only federal basis, however, for seeking vacation of the arbitration award falls under 9 U.S.C. § 10. Doc. No. 1. Therefore, because Petitioner has not identified a separate and independent basis beyond 9 U.S.C. § 10 in support of federal question jurisdiction, the Court does not have federal question jurisdiction and may not adjudicate the claim.

In sum, this Court lacks both diversity and federal question jurisdiction, and thus, without reviewing the merits, must dismiss the matter accordingly. In addition, Petitioner's Motions to Deposit a Negotiable Instrument (Doc. No. 3), Enter a Plea of Tender and Release (Doc. Nos. 4 and 24), Disqualify Counsel (Doc. No 11), Strike Response (Doc. No. 19), and for Sanctions (Doc. No. 29) will all be **DENIED** as moot.

### IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Petitioner's Motion to Vacate Arbitration Award is **DISMISSED without prejudice;**
2. Petitioner's Motions to Deposit a Negotiable Instrument (Doc. No. 3), Enter a Plea of Tender and Release (Doc. Nos. 4 and 24), Disqualify Counsel (Doc. No 11),

Strike Response (Doc. No. 19), and for Sanctions (Doc. No. 29) are **DENIED** without prejudice **as moot**; and

3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: October 18, 2024

Kenneth D. Bell
United States District Judge