## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:24-MC-00110-KDB-SCR

| | |
|---|---|
| **BRANDACE HOPPER,** | |
| **Plaintiff,** | |
| **v.** | **ORDER** |
| **CARMAX AUTO SUPERSTORES, INC.,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Reconsideration (Doc. No. 33). The Court has carefully considered this motion, which, for the reasons discussed below, will be DENIED.

Plaintiff seeks reconsideration of the Court's final dismissal of this action under Federal Rules of Civil Procedure 59(e) and 60(b), alleging that the Order was issued by an unassigned Judge and the Court failed to address various federal questions, and asserting several meritless arguments repeated from his original motion. Rules 59(e) and 60(b) permit a court to "alter or amend" or correct orders and provide relief from judgment under the following circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Case 3:24-mc-00110-KDB-SCR    Document 34    Filed 11/07/24    Page 1 of 4

Rule 59(e) governs requests to "alter or amend a 'judgment,'" which is defined by Rule 54(a) as "a decree and any order from which an appeal lies." *See* Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 54(a). "Rule 59(e) is ... applicable only to a final judgment," *Fayetteville Investors v. Commercial Builders, Inc*., 936 F.2d 1462, 1469 (4th Cir. 1991), which of course includes an order dismissing an action. A motion under Rule 59(e) must be filed no later than 28 days after the entry of the judgment. *See* Fed. R. Civ. P. 59(e).

The Fourth Circuit has recognized three limited grounds under which a district court may grant a motion for reconsideration under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). However, "mere disagreement with the court's ruling does not warrant a Rule 59(e) motion." *See Matter of Vulcan Constr. Materials, LLC*, 433 F. Supp. 3d 816, 819–20 (E.D. Va. 2019); *Hutchinson*, 994 F.2d at 1082. Finally, a district court's decision on a motion for reconsideration is reviewed "for abuse of discretion[,]" and the Fourth Circuit has noted that granting such a motion under Rule 59(e) "is an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 402–03 (4th Cir. 1998) (internal quotations omitted).

Here, while Plaintiff clearly disagrees with the ruling, he has alleged no intervening change in controlling law; did not proceed to trial (instead asserting his right to seek arbitration), and, in any event, has not presented new evidence and has not evinced any clear error of law. Instead, he asserts the same arguments he made both during arbitration and in his Motion to Vacate Arbitration Award. These circumstances clearly do not warrant an "extraordinary remedy" as Rule 59(e).

Similarly, Rule 60(b) is another "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." *Compton v. Alton Steamship Co.*, Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). The Court finds that none of the circumstances reflected in Rule 60(b)(1)-(5) apply here. Further, relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." *Dowell v. State Farm Fire Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (internal quotation marks and citation omitted). The Court concludes that reversal of the Court's dismissal order is neither necessary to "accomplish justice" nor does this case involve "extraordinary circumstances."

In sum, Plaintiff has not established any of the grounds necessary for the Court to grant the extraordinary remedy of altering or amending a judgment under Rule 59 or 60. Rather, he has simply reargued the same grounds the Court earlier rejected, repeatedly noting his disagreement with the Court's ruling. Plaintiff's passion for his (meritless) position is no substitute for the showing required to warrant relief under Rules 59 or 60.[1]

Finally, Plaintiff argues that the Court failed to address a federal question, yet asserts no federal question that wasn't addressed in the Court's dismissal. Instead, he asserts that the Court misapplied *Badgerow* when it concluded that it lacked federal question jurisdiction because Plaintiff did not identify a grant of jurisdiction separate from 9 U.S.C. § 10. *Badgerow v. Walters*, 596 U.S. 1, 9 (2022). However, *Badgerow* clearly states the "[Federal Arbitration Act's ("FAA")] provisions do not themselves support federal jurisdiction." *Id.* at 8. 9 U.S.C. § 9-10 are provisions

---

[1] Separately, Plaintiff alleges the undersigned Judge was "unassigned," and thus judicial integrity was compromised. Doc. No. 33 at 2. This Court was assigned to the case August 20, 2024, after the original District Judge had a conflict. Therefore, it was the correct Judge to rule on the motion.

3

of the FAA, therefore they, alone, do not support federal question jurisdiction. Moreover, Plaintiff offers no superseding case law in support of his assertion, nor does he provide proffer a federal question separate from 9 U.S.C. §§ 9-10 which supports federal jurisdiction. He simply repeats the same claim that has already been dismissed.

For the reasons articulated in the original dismissal of the case, and for the reasons above, Plaintiff's Motion for Reconsideration will be DENIED. *See* Doc. No. 30.

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Plaintiff's Motion for Reconsideration is **DENIED;**

2. The Clerk is directed to maintain this matter as closed in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: November 7, 2024

Kenneth D. Bell
United States District Judge

4